WILLIAM EMERY *vs.* DAVID G. LEGRO.

*Deed—proof of execution. Practice as to errors and omissions in cases brought up on report. R. S., c. 82, §§ 3 and 4.*

It is competent for the clerk to correct a mistake or omission in the copies of those papers which make part of a case reported to the law court for decision after the case has been entered upon the law docket.

A mistake in the initial of the middle name of one of the appraisers in the record of a levy in the registry of deeds will not vitiate the levy.

If an inhabitant of another State against whom a writ has been sued out, and whose property has been thereon attached here, comes within the State and is here personally and seasonably served with an order of notice before the suit is defaulted, it is not necessary to have the case afterwards continued, or that the plaintiff should file a bond before taking out execution, if the defendant fails to appear.

Objections to the admission of evidence, if it is apparent that they might readily have been obviated had they been specifically presented at *nisi prius*, will not be entertained when first suggested upon the final hearing of the case before the law court, even though the case is submitted for decision upon so much of the evidence as is admissible.

It is sufficient proof of the execution of a deed, if the magistrate whose name appears as a subscribing witness testifies that he witnessed the deed on a certain day and took the acknowledgment of the grantor upon a certain other day at which time the deed was delivered. Such testimony imports the due execution by the grantor, in the absence of anything tending to discredit it.

ON REPORT.

WRIT OF ENTRY to recover certain land in Lebanon, in this county, of which James C. Blaisdell was the owner in fee, on the

twenty-third day of March, 1869, on which day it was attached upon a writ in favor of Samuel Tompson against him, dated March 22, 1869, returnable to and entered at the May term, 1869, of this court. Blaisdell resided in Somersworth, N. H., and this fact appearing in the writ, which had not been served on him before entry, the court, at the September term, 1869, ordered notice to him. An attested copy of the writ and order was served upon him in this county by a deputy of the sheriff within the time designated therefor. He did not respond to the action but was defaulted at the January term, 1870, and judgment taken out at the September term of the same year. Execution issued thereon October 12, 1870, and was levied upon the real estate in controversy, which Tompson subsequently conveyed to Mr. Emery— this constituting the demandant's title. The tenant claimed by deed of warranty from Blaisdell, delivered March 30, 1869. By the papers in the case, as originally presented, it appeared that George H. Furbish was sworn as an appraiser by the levying officer, while George F. Furbish acted in that capacity, and signed the return. This difference, as to the initial of the middle name, between the officer's certificate and that of the appraiser, appeared upon the record of the levy in the registry of deeds. The officer's return upon the execution stated that he had selected George F. Furbish as an appraiser. By a certified copy produced subsequently to the law court, the clerk indicated that the middle letter was F. in the officer's certificate upon the original execution. A commission issued to take the deposition of Edward E. W. Thompson; under it the deposition of Edward W. E. Tompson was taken, who swore that he witnessed the deed from Samuel Tompson to the demandant December 30, 1870, and took the acknowledgment March 7, 1871, when it was delivered, and he annexed the original deed to the deposition. The judgment against Blaisdell was recovered in favor of Samuel Tompson, of Boston, in the county of Suffolk, while the deed described the grantor as of Brookline, in the county of Norfolk, and there was no extrinsic evidence of the identity of these persons.

In the copies first filed the officer's return of service of the abstract of writ and the order of notice thereon upon Blaisdell was not signed; but subsequently the clerk sent up another copy, showing that the original was duly signed; and a copy of Tompson's judgment against Blaisdell, omitted from the papers first transmitted to this court, was also sent up. By the terms of the report this judgment made part of the case; and the court were to make such disposition of the action as the law, upon the evidence legally admissible, required.

*William Emery*, pro se.

*William J. Copeland*, for the tenant.

The levy was void because no bond was filed, yet execution issued within a year after judgment against an absent defendant. R. S., c. 82, § 3; *Buffum* v. *Ramsdell*, 55 Maine, 252; *Davis* v. *Stevens*, 57 Maine, 593.

A title by levy requires strict compliance with the statute. *Lumbert* v. *Hill*, 41 Maine, 475. The person sworn as appraiser did not act, but another did. This is a fatal error. *Nye* v. *Drake*, 9 Pick., 35.

There is no proof of the identity of the person who recovered judgment with the grantor in the plaintiff's deed. *Barker* v. *Stead*, 56 E. C. L., 328; *Giles* v. *Comfort*, 61 E. C. L., 653.

BARROWS, J. It is true that the demandant must recover upon the strength of his own title, and that as he claims under a levy he must show all the necessary steps regularly taken to give him a perfect statute conveyance in that mode.

But it is competent for the clerk to correct a mere clerical error in the copies, and to supply copies of papers which make part of the report, even after the case has been entered upon the law docket. This being done, the defendant's objections to the maintenance of the suit on account of the alleged want of a copy of the record of judgment in the suit *Tompson* v. *Blaisdell*, and the alleged discrepancy between the name of the appraiser as

given in the certificate of the oath and the name as subscribed to the appraiser's certificate, vanish. A reference to the report shows that the record of the judgment, as well as the docket entries in the suit, were made part of the case, and also a copy of the execution, and the officer's return of the levy. By that return it appears that George F. Furbish took the oath as an appraiser and subscribed the appraisers' certificate. Even if it is the fact that, through a misprision of the register of deeds, the initial of the appraiser's middle name was erroneously recorded in that office, it would not vitiate the levy. The record as a whole would answer the requirements of the statute and give notice of the proceedings to all subsequent purchasers who might turn to the officer's return, on file in the office of the clerk of the courts, to ascertain the truth, if the record in the registry of deeds exhibited the discrepancy alleged.

The copy of the order of notice and officer's return, dated December 15, 1869, shows that Blaisdell, not being an inhabitant of the State, was, nevertheless, served with the order of notice by a copy in hand, delivered by a deputy sheriff of York county. The casual omission of the officer's signature in the clerk's copy first presented cannot avail now that the mistake has been corrected. The necessary inference from such a return by a deputy sheriff in York county is that Blaisdell was within the precinct when he made the service.

It matters not whether a non-resident was within the State when the writ against him was originally sued out, and his property attached, if he was within it and had actual notice of the pendency of the suit through a personal service by an officer of the court. To such a case the provisions of R. S., c. 82, §§ 3 and 4, for a continuance and the filing of a bond, do not apply.

It is further objected that the deposition of Edward W. E. Tompson is not admissible to prove the execution and delivery of the deed from Samuel Tompson, the levying creditor, to the plaintiff, because the commission from the court went to take the deposition of Edward E. W. Thompson, and that the identity of Sam-

uel Tompson, the levying creditor, with the Samuel Tompson who executed the deed to the plaintiff, does not appear. If there were any real question as to the identity of these persons with those named in the commission and levy, the objection should have been specifically made to the admission of the deposition at the time the case was presented at *nisi prius*. Upon these points the case falls directly within the rule and reasoning adopted and approved in *Longfellow* v. *Longfellow*, 54 Maine, 245. The deed purports to convey the grantor's interest in the land in controversy, describing it by a reference to the levy on the execution against Blaisdell; and when such a deed, which had no relevancy if the levying creditor and the grantor were not identical, is offered and received without a suggestion on the part of the party adversely interested of objection on that score, such a suggestion will not be entertained in the final consideration of the case.

It is further urged that the deposition does not prove the execution and delivery of the deed. The witness returned the original deed annexed to his deposition and testified therein that he witnessed it on the thirtieth day of December, 1870;—that he "took the acknowledgment of the said Samuel Tompson to the said deed March 7, 1871, at which time the same was delivered." There was no cross-examination. Merely formal proof seems to have been all that was called for. We think the above sufficient.

*Judgment for the demandant.*

APPLETON, C. J., WALTON, DICKERSON, DANFORTH and VIRGIN, JJ., concurred.